UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS

TIM JOHNSON,  )
  )
      Plaintiff,  )
  )
v.  )   No.  2015-cv-03198
  )
GREEN AUTOMOTIVE LIMITED,  )
INC.,  )
  )
      Defendant.  )

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES

Plaintiff, TIM JOHNSON, by his attorneys, Londrigan, Potter & Randle, P.C., and for his Response to Defendant's Motion for leave to Amend Answer and Affirmative Defenses, states as follows:

1. The initial Complaint in this case was filed on June 30, 2015 in the Central District of Illinois, Springfield, Illinois.

2. Defendant filed its Answer to Complaint and Defenses on August 27, 2015.

3. On or about March 13, 2017, Defendant filed a Motion for Leave to Amend its Answer and Affirmative Defenses wherein it argued that Plaintiff should be estopped from arguing he is a qualified individual who could perform the essential functions of his job because Plaintiff admitted he received and is still receiving Social Security Disability benefits during discovery.

4. First, Defendant was initially made aware Plaintiff received social security disability benefits on or about August 12, 2016 when it received Plaintiff's Answers to Defendant's Interrogatories. The relevant portion of Plaintiff's answer to Interrogatory No. 3 specifically states: "Plaintiff is currently receiving disability benefits which began in October 2015." Plaintiff's Answers to Interrogatories are attached hereto as Exhibit A.

5. Defendant was again made aware of Plaintiff's receipt of social security disability benefits on January 11, 2017, when it took Plaintiff's deposition. During his deposition, Plaintiff specifically discussed his ability to perform the essential functions of his job, as well as his social security disability benefits. The relevant portions of Plaintiff's Deposition are attached hereto as Exhibit B.

6. Plaintiff stated the following regarding the social security disability benefits he received after Defendant terminated him:

> **Q.** After the departure from Green Kia, Mitsubishi, Subaru, have you worked anywhere since then?
>
> **A.** I have not.
>
> **Q.** Okay. Did you apply anywhere since then?
>
> **A.** Right after I lost my job, I did apply, because it was collecting unemployment at the time, and you have to look for a job. I was looking for a job. I could not find anything that would suit my condition

and my pay, you know, what I needed to may — you know, make a go.

**Q.** So did you apply and successfully receive Social Security disability income?

**A.** I applied for unemployment. I looked for a job through that term. In October, I applied for disability. Ten months later, I was denied. I reapplied. They gave me— I don't know how to put it. I got my benefits with back benefits. Social Security disability, we were waiting for this money. I mean, I was borrowing money from my mom to make my house payment, make my car payment. I mean, we were in bad shape....

See Ex. B, pp. 39-40.

7. Plaintiff stated the following as it relates to his ability to perform the essential functions of his job with Defendant:

**Q.** And forgive me if I asked this. You were able to perform your job right up until they let you go. Is that correct?

**A.** Yes.

**Q.** You were still able to do all the essential functions that were required of you, in your opinion?

**A.** Yes. I mean, I got a $750 Visa card from Subaru because I was doing a good job, you know. And the only reason why the Kira scores weren't up where they should be was because Kia took 109 of them away from us because of what Pam did, you know, as far as falsifying e-mail addresses....

. . . . . . . . .

**Q.** And then as far as you had testified that you were still able to do you job with your medical condition that you had. At any time did you ask for

3

an accommodation or something that would help you do your job?

**A.** I asked Pam if she had someone that could help us - like they call it a runner, do little errands within the dealership, go get this, do that, you know whatever we needed.

**Q.** Okay.

**A.** She offered me the use of one of her runners, Jeff, but every time we called over there, he wasn't available. He was gone or whatever. So, I mean, we really didn't get any help.

See Ex. B, pp. 48, 52.

8. Finally, Defendant cites *Cleveland v. Policy Management Systems Corporation*, 526 U.S. 795 (1999), in support of its argument that it should be allowed to amend its Answer and Affirmative Defenses. However, *Policy Management* involved an Americans with Disabilities Act ("ADA") lawsuit which was reversed on appeal after the district court granted summary judgment in favor of the employer.

9. Additionally, and contrary to Defendant's argument, *Policy Management* held that claims for Social Security Disability Insurance ("SSDI") benefits and for damages under the ADA do not inherently conflict to the point where courts should apply a special negative presumption that receipt of SSDI benefits estops the recipient from pursuing an ADA claim. *See Policy Mgmt.*, 526 U.S. at 802-803. The Court reasoned that when the Social Security Administration determines whether an

individual is disabled for SSDI purposes, it does not take the possibility of "reasonable accommodation" into account, nor does an applicant need to refer to the possibility of reasonable accommodation when he applies for SSDI. *See id.* at 803.

10. Here,, Plaintiff's ADA claims are not negated because he applied for SSDI benefits. Plaintiff applied for SSDI benefits after he was terminated by Defendant. *See* Ex. B., pp. 39-40. Additionally, Plaintiff's deposition testimony explains why he believed he was able to perform the essential functions of his job with a reasonable accommodation. Plaintiff's testimony clearly refutes Defendant's argument that Plaintiff's claim against Defendant under the ADA conflicts with his claims for SSDI benefits.

11. Thus, for the reasons set forth above, Defendant's Motion for Leave to Amend Answer and Affirmative Defenses should be denied.

WHEREFORE, Plaintiff prays the Court deny Defendant's Motion for Leave to Amend Answer and Affirmative Defenses, and for such further relief as the Court deems just and proper.

Respectfully submitted,

Plaintiff, Tim Johnson

BY: /s/ Ashton N. Nowlan
Ashton N. Nowlan, 6317933
Colleen R. Lawless, 6300808
Londrigan, Potter & Randle, P.C.
1227 S. 7th Street, P.O. Box 399
Springfield, IL  62703
Phone: 217-544-9823
Fax: 217-544-9826
ashton@lprpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF System on March 24, 2017, which will send notification of such filing to the following:

Alex B. Rabin
Sean Miller
Sgro, Hanrahan, Durr & Rabin, LLP
1119 S. Sixth Street
Springfield, IL  62703
alex@casevista.com

By: /s/ Ashton N. Nowlan
Ashton N. Nowlan, 6317933
Colleen R. Lawless, 6300808
Londrigan, Potter & Randle, P.C.
1227 S. 7th Street
P.O. Box 399
Springfield, IL  62705
217-544-9823
217-544-9826 (Fax)
Email:  ashton@lprpc.com